(July 20, 2010)

■ BOARD OF EDUCATION OF THE GARRISON UNION FREE SCHOOL DISTRICT, Respondent, v GREEK ARCHDIOCESE INSTITUTE OF ST. BASIL, Also Known as ST. BASIL ACADEMY, Appellant, et al., Defendants. [905 NYS2d 271]—

In an action, inter alia, for a judgment declaring that the plaintiff is not responsible for the costs of educating the children living at the facility operated by the defendant Greek Archdiocese Institute of St. Basil, also known as St. Basil Academy, who are nonresidents of Garrison, New York, the defendant Greek Archdiocese Institute of St. Basil, also known as St. Basil Academy, appeals from (1) an order of the Supreme Court, Putnam County (O'Rourke, J.), dated June 11, 2008, which granted the plaintiff's motion for summary judgment declaring that the plaintiff is not responsible for the costs of educating the children living at its facility who are nonresidents of Garrison, New York, and (2) an order of the same court, also dated June 11, 2008, which denied its motion for summary judgment declaring that the plaintiff is responsible for the costs of educating the children living at its facility and that it is not the party responsible for financing the education of those children.

Ordered that the orders are affirmed, with one bill of costs, and the matter is remitted to the Supreme Court, Putnam County, for the entry of a judgment declaring that the plaintiff is not responsible for the costs of educating the children living at the facility operated by the defendant Greek Archdiocese Institute of St. Basil, also known as St. Basil Academy, who are nonresidents of Garrison, New York.

The defendant Greek Archdiocese Institute of St. Basil, also known as St. Basil Academy (hereinafter St. Basil), was established in 1944, and is located within the boundaries of the Garrison Union Free School District (hereinafter the Garrison school district). St. Basil houses primarily Greek Orthodox children whose parents are deceased or unable to care for them, and many of the children are disabled. Children are typically placed at St. Basil through the efforts of parish priests, as opposed to government entities, and come from all over the United States. Permission to place a child at St. Basil may be revoked by the child's parent or guardian. The record does not reflect that St. Basil has been appointed guardian for any of the children at issue.

St. Basil operated its own school until 1997, at which point the school closed and St. Basil sent its children to schools outside of the Garrison school district on a tuition-paying basis. When St. Basil attempted to enroll its children in the Garrison school district in 2002, a hearing officer determined that no child living at St. Basil at that time was a resident of the Garrison school district. The defendant Commissioner of the New York State Education Department (hereinafter the Commissioner) affirmed the determination that the children were nonresidents.

In November 2006, St. Basil received a license from the defendant New York State Office of Children and Family Services (hereinafter OCFS) to operate a residential child care institution. Although, under its license, St. Basil is currently limited to 30 beds, it can accommodate up to 108 children. In connection with its license application, St. Basil submitted an education plan to OCFS in which it stated that it would pay tuition costs for its children to continue to attend schools located outside of the Garrison school district, unless it was determined that the plaintiff is responsible for those costs.

St. Basil's receipt of the operating license prompted the plaintiff, the Board of Education of the Garrison Union Free School District, to institute this action seeking, inter alia, a judgment declaring that St. Basil's status as a licensed child care institution did not require the plaintiff to pay for the costs

of educating the children at St. Basil who are not residents of the Garrison school district. St. Basil counterclaimed, seeking, among other things, a judgment declaring that, pursuant to article 81 of the Education Law (*see* Education Law § 4001 *et seq.*), the plaintiff is responsible for educating the children at St. Basil and that St. Basil is not the party responsible for financing the education of its children. Both parties filed motions for summary judgment. The Supreme Court granted the plaintiff's motion and denied St. Basil's motion.

In contending that the Supreme Court erred, St. Basil relies on Education Law § 4002 (1), which provides that "[e]ach child between the ages of five and twenty-one who resides in a child care institution and who has not yet graduated from high school shall be entitled to receive a free and appropriate education in the least restrictive environment for that child." St. Basil argues that Education Law § 4002 (1) carves out an exception (for children in child care institutions) to the residency requirements of Education Law § 3202, which provides that children are entitled to a free public education in their district of residence, while nonresident pupils must pay tuition (*see* Education Law § 3202 [1]; [3]). Thus, St. Basil maintains that all children residing in child care institutions, whether their school district of residence is in-state or out-of-state, are entitled to tuition-free education at the expense of the local school district.

"A court must consider a statute as a whole, reading and construing all parts of an act together to determine legislative intent" (*Friedman v Connecticut Gen. Life Ins. Co.*, 9 NY3d 105, 115 [2007]; *see People v Mobil Oil Corp.*, 48 NY2d 192, 199 [1979]). Education Law § 4002 does not, by itself, represent the entirety of the law on the education of children residing in child care institutions. Indeed, Education Law § 4002 is only one of six sections (*see* Education Law §§ 4001-4006) comprising article 81, which governs the education of children residing in child care institutions. Accordingly, in order to determine whether the legislation intended to exempt children in child care institutions from the residency requirements of Education Law § 3202, Education Law § 4002 (1) must be read in conjunction with, and within the context of, Education Law § 4004 (2) (a).

Education Law § 4004 (2) (a) provides a comprehensive tuition payment scheme for children who are residents of the state and who are placed in child care institutions by government entities such as a social services district, the Division for Youth, or the Family Court. It does not, however, include a tuition plan for children who are not residents of the state, or for children who are privately placed in the child care institution regardless of residency.

St. Basil urges this Court to interpret article 81 as requiring the plaintiff to bear the costs of educating St. Basil's nonresident, privately placed children even though section 4004 does not address such children. This interpretation, however, is foreclosed by the Court of Appeals' decision in *Longwood Cent. School Dist. v Springs Union Free School Dist.* (1 NY3d 385 [2004]).

Specifically, the *Longwood* Court addressed "which of two school districts must bear the educational costs for children who, immediately before their placement in foster care, lived in a homeless shelter with their mother. The question [was] governed by Education Law § 3202 (4) (a), and the outcome turn[ed] on where the children 'resided' within the meaning of the statute" (*id.* at 387). The Court observed that "[s]ection 3202 . . . is designed to allocate costs sensibly between school districts and to avert burdening them with the costs of educating nonresident children" (*id.* at 388-389). The Court then determined that a finding that a "brief stay at a shelter" established residence would "penaliz[e] communities that are hospitable to homeless shelters," as those communities "would have to bear the cost of educating nondomiciliary children with whom they had no other ties" (*id.* at 390).

Similarly, here, Education Law § 4004 is designed to allocate costs sensibly and avert burdening school districts with the costs of educating nonresident children. Education Law § 4002 (1) does not carve out an exception to Education Law § 3202 (1). Therefore, the children of St. Basil who are not residents of the state are not exempt from the residency requirements of Education Law § 3202 (1), and the Garrison school district is not financially responsible for the pupils' tuition under Education Law § 4004 (2) (a). A finding that the plaintiff must provide tuition-free educations to nonresident St. Basil children, who come from all over the country and over whose private placements the plaintiff has no control, would severely penalize the plaintiff and would not comport with legislative intent.

The parties' remaining contentions are without merit.

Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court, Putnam County, for the entry of a judgment declaring that the plaintiff is not responsible for the costs of educating the children living at the facility operated by St. Basil who are nonresidents of Garrison, New York (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Fisher, J.P., Balkin, Hall and Austin, JJ., concur.