[962 NE2d 247, 938 NYS2d 826]

BOARD OF EDUCATION OF THE GARRISON UNION FREE SCHOOL
DISTRICT, Respondent, v GREEK ARCHDIOCESE INSTITUTE OF
ST. BASIL, Also Known as ST. BASIL ACADEMY, Appellant, et
al., Defendants.

Argued November 15, 2011; decided January 5, 2012

356

**POINTS OF COUNSEL**

*Kramer Levin Naftalis & Frankel LLP*, New York City (*Gregory A. Horowitz, Julie M. Weiswasser* and *Alissa R. Goodman* of counsel), for appellant. I. Education Law § 4002 compels Garrison Union Free School District to provide free and appropriate public education to children residing at the Greek Archdiocese Institute of St. Basil. (*Campaign for Fiscal Equity v State of New York*, 86 NY2d 307; *Board of Educ., Levittown Union Free School Dist. v Nyquist*, 57 NY2d 27; *Campaign for Fiscal Equity v State of New York*, 100 NY2d 893; *Plyler v Doe*, 457 US 202.) II. Education Law § 3202 does not govern this matter. (*People v Mobil Oil Corp.*, 48 NY2d 192.) III. The Commissioner of Education recognized that Education Law § 3202 would not govern after the Greek Archdiocese Institute of St. Basil received its license. IV. Education Law § 4004 does not limit the Greek Archdiocese Institute of St. Basil children's right to free education. (*Board of Educ., Levittown Union Free School Dist. v Nyquist*, 57 NY2d 27.) V. *Longwood Cent. School Dist. v Springs*

*Union Free School Dist.* (1 NY3d 385 [2004]) does not govern this matter.

*Girvin & Ferlazzo, P.C.*, Albany (*Salvatore D. Ferlazzo* and *Patrick J. Fitzgerald* of counsel), for respondent. I. Garrison Union Free School District is obligated to enroll children residing at St. Basil Academy only on a tuition basis and after other reasonable conditions have been met. (*Longwood Cent. School Dist. v Springs Union Free School Dist.*, 1 NY3d 385.) II. The operating certificate which St. Basil Academy received from the New York State Department of Social Services does not impose financial obligations on Garrison Union Free School District for the education of children who live at St. Basil Academy. (*Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Intl. B.V. v Schreiber*, 407 F3d 34; *Maurizio v Goldsmith*, 84 F Supp 2d 455; *Wheeler v Citizens Telecom. Co. of N.Y., Inc.*, 18 AD3d 1002; *People v Rivera*, 45 NY2d 989.) III. The legislative history relating to the enactment of Education Law § 3202 (6) unequivocally confirms the statutory interpretation set forth above. (*State of New York v Green*, 96 NY2d 403.) IV. St. Basil Academy misinterprets the provisions of article 81 of the Education Law. V. The Commissioner of Education's decisions that Garrison Union Free School District is not responsible for the cost of educating children who live at St. Basil Academy should be afforded great weight and deference. (*Board of Educ. of Lawrence Union Free School Dist. No. 15, Town of Hempstead v McColgan*, 18 Misc 3d 572; *Matter of Kelley v Ambach*, 83 AD2d 733; *Matter of Lezette v Board of Educ., Hudson City School Dist.*, 35 NY2d 272.) VI. St. Basil Academy's own actions and representations undermine its argument. (*Matter of J-T Assoc. v Hudson Riv.—Black Riv. Regulating Dist.*, 175 AD2d 438; *Matter of Estate of Prospect v New York State Teachers' Retirement Sys.*, 13 AD3d 699.)

### OPINION OF THE COURT

PIGOTT, J.

This appeal presents the question of whether a school district is obligated to pay for the educational costs of the children living in a child care institution located within district boundaries. We hold that a school district is not obligated to provide a tuition-free education to those children determined to be nonresidents of the school district.

The Greek Archdiocese Institute of St. Basil (hereinafter St. Basil) is located within the boundaries of the Garrison Union

Free School District and houses primarily Greek Orthodox children whose parents are unable to care for them due to circumstances such as death, abuse, neglect, disability or poverty. The children are typically placed at the initiative of priests in parishes across the United States, sometimes accompanied by family court orders. St. Basil does not always obtain custody or guardianship status over the children.

There has been a long-standing dispute over who bears the burden of paying the educational costs for the children at St. Basil. Over 25 years ago, St. Basil and Garrison settled a lawsuit by way of an agreement providing that St. Basil would pay the Garrison school district all charges for tuition and any other costs incidental to the education of all students residing at St. Basil whose parents were not residents of the school district. Since that time and until 2002, St. Basil either educated the children at a boarding school it operated at its residential facility or sent the children to public schools in neighboring school districts or private schools on a tuition-paying basis.

In September 2002, St. Basil attempted to register 26 school-aged children in the Garrison school district on a tuition-free basis. Garrison scheduled a residency hearing before an appointed hearing officer pursuant to section 100.2 (y) of the Regulations of the Commissioner of Education of the State of New York (8 NYCRR) to determine its obligations. In November 2002, the Hearing Officer determined that none of the students were residents of the Garrison school district and therefore they were not permitted to attend the school on a tuition-free basis. St. Basil appealed that determination to the Commissioner of Education.

The Commissioner affirmed the Hearing Officer's decision. In doing so, the Commissioner explained that article 81 of the Education Law did not apply because St. Basil was not a "child care institution" since it was not licensed by the New York State Office of Children and Family Services (OCFS). At the time, St. Basil's licensure was pending with OCFS. The Commissioner concluded that the default statute, Education Law § 3202 (6), applied, and under that statute a child's residence is presumed to be that of his or her parents unless the parents relinquished total custody and control. Because there was "insufficient evidence" to establish that the parents relinquished permanent custody and control to St. Basil, that residency presumption was not rebutted. Thus, the Commissioner held that the children living at St. Basil who attend

Garrison school district must do so on a tuition-paying basis. The Commissioner further held that if the parents (or guardians) of the children resided in New York, the expense should be covered by the school district of the parent's residence. In other words, Garrison school district was obligated to educate the children only if St. Basil or some other entity or individual assumed financial responsibility for tuition. Neither St. Basil nor Garrison appealed the Commissioner's determination.

In September 2003, St. Basil submitted an application for a certificate to operate a residential care program for children pursuant to Social Services Law § 460-b. The regulations required St. Basil to submit an educational plan showing that it would take the necessary steps to ensure that the children living at the institution receive an education in accordance with the requirements of the Education Law (see 18 NYCRR 441.13 [a]). In its education plan, St. Basil stated that "[a]fter the completion of the 2004-2005 school year . . . St. Basil will pay the tuition for its students to continue to attend [schools outside Garrison school district] unless the Commissioner of Education determines that Garrison is responsible for those charges." On November 10, 2006, St. Basil was issued a license to operate a residential child care institution.

Thereafter, Garrison commenced the instant action seeking, among other things, a judgment declaring that St. Basil's status as a licensed child care institution did not mean that Garrison was now required to pay for the education costs of the children at St. Basil who were not residents of the school district. St. Basil responded by filing counterclaims, which, among other things, sought a declaration that Garrison was obligated to provide a cost-free education to *all* children placed at St. Basil and that St. Basil is not responsible for paying the tuition of its nonresident children. After motion practice not relevant to this appeal, St. Basil and Garrison each moved for summary judgment on their claims for declaratory relief.

Supreme Court found that Garrison was not responsible for the cost of educating the children living in St. Basil who are not residents of the Garrison school district as defined by Education Law § 3202. The Appellate Division affirmed (75 AD3d 569 [2d Dept 2010]) and certified the following question to this Court: "Was the decision and order of this Court dated July 20, 2010, properly made?"

St. Basil argues that the rights of the children are established by Education Law § 4002, which compels Garrison to provide

free and appropriate education to all of the children residing at St. Basil. Garrison counters that section 4002 must be read in conjunction with Education Law § 3202, which provides that the school district of a child's residence—and not the school district where the child care institution is located—is financially responsible for the cost of educating a child living at a child care institution.

We begin our analysis with the general statute, Education Law § 3202, which is entitled "Public schools free to resident pupils; tuition from nonresident pupils." The statute "sets out the framework for determining when and under what circumstances a school district is obligated to provide free education" (*Catlin v Sobol*, 77 NY2d 552, 559 [1991]). It is "designed to allocate costs sensibly between school districts and to avert burdening them with the costs of educating nonresident children" (*Longwood Cent. School Dist. v Springs Union Free School Dist.*, 1 NY3d 385, 388-389 [2004]). Section 3202 (1) provides:

> "A person over five and under twenty-one years of age who has not received a high school diploma is entitled to attend the public schools maintained in the district in which such person resides without the payment of tuition."

"Thus, every school district must 'provide tuition-free education only to students whose parents or legal guardians reside within the district' " (*Longwood*, 1 NY3d at 389, quoting *Appeal of Stokes*, 32 Ed Dept Rep 93, 94 [Decision No. 12,769] [1992]).

Neither party disputes that section 3202 requires the Garrison school district to provide a tuition-free education to those children living at St. Basil who qualify as residents of the district. St. Basil argues, however, that since it received its license to be a "child care institution," article 81 of the Education Law (Education Law § 4001 *et seq.*), and not Education Law § 3202, applies to all of the nonresident children living at St. Basil. Thus, under article 81, St. Basil claims, *all* children residing in child care institutions, whether their school district of residence is in-state or out-of-state, are entitled to tuition-free education at the expense of the local school district. Therefore, St. Basil argues Garrison is required to accept all of its children on a tuition-free basis.

Education Law article 81 provides that every child between the ages of 5 and 21 residing in a child care institution is entitled

"to receive a free and appropriate education in the least restrictive environment for that child" (Education Law § 4002 [1]). It further requires that each child be "provided suitable educational services in the least restrictive environment" and lists suitable programs for accomplishing this task including "[t]he program of the public schools . . . where such child care institution is located or a neighboring public school program" (§ 4002 [2], [2] [a]). It does not fully address who bears the cost of that education.

St. Basil's argument is that the educational rights of the children at St. Basil are determined exclusively by article 81, which compels Garrison to provide "a free and appropriate education" to the children residing there. It contends that article 81 "addresses a special case where children's rights are not subject to the residency requirements of § 3202." We disagree.

Article 81 must be read in conjunction with Education Law § 3202, which provides that the school district of a child's *residence* is financially responsible for the cost of educating a child. Although the statutory language of Education Law § 3202 (6) states that it gives way to the provisions of article 81, it does so only to the extent to which article 81 expressly supercedes its provisions. Thus, the residency provisions of section 3202 must apply because article 81 does not adequately address who is responsible for paying the cost of the required "free and appropriate" education. A reading of the statutory provisions of article 81 reveals that the Legislature did not intend to put the financial burden on the local school district for all of the children living in a child care institution. For instance, the statute provides that the local school district may seek tuition reimbursement for children who are residents of the state and who are placed in child care institutions by government entities such as a social services district, the Division for Youth, or the Family Court (*see* Education Law § 4004 [2] [a]). Throughout the Education Law, the relevant provisions addressing who is the financially responsible party emphasize the residence of the parents or the responsibility of the entity or agency placing the child in the institution.

Indeed, as we previously recognized in *Longwood Cent. School Dist. v Springs Union Free School Dist.* (1 NY3d 385 [2004]), the purpose of the Education Law was "to distribute fairly the costs of education among school districts" and to " 'relieve school districts of the obligation which exists in certain cases . . . to bear the financial burden of educating nonresident

children' " (*id.* at 389, quoting State Ed Dept Mem, Bill Jacket, L 1973, ch 867, at 6).

St. Basil is an "institution for the care, custody and treatment of children" and the Education Law specifies that children living in such institutions are not deemed residents of the school district in which the institution is located purely by reason of their presence in the institution (Education Law § 3202 [6]). The issuance of a license to operate a child care institution does not change the residence of the children living there. Further, there is nothing to suggest that the Legislature intended the local school district to bear the entire financial burden for those children living in a child care institution, particularly those having a different residential district or those who are placed from a different state. Garrison school district is therefore not responsible for the costs of educating those children from St. Basil who are determined to be nonresidents of the Garrison school district.

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order affirmed, etc.