[877 NE2d 281, 846 NYS2d 64]

Bruce Friedman, on Behalf of Himself and All Others Similarly Situated, Appellant, v Connecticut General Life Insurance Company, Respondent.

Argued September 5, 2007; decided October 18, 2007

**POINTS OF COUNSEL**

*Quadrino & Schwartz, P.C.,* Garden City (*Richard J. Quadrino* of counsel), for appellant. I. Insurance Law § 3216 (c) (7) must be liberally construed because it was enacted for the public's benefit to suppress the evil of unfair surprise to members of the public at large. II. Expressions of public policy by the Legislature and the Insurance Commissioner mandating fair disclosure and the avoidance of surprise require that the statute be liberally construed in favor of the beneficiaries. III. The Appellate Division ignored the rule of construction regarding the use of provisos and disregarded the Legislature's intent. IV. Plaintiff's construction of the statute is in harmony with the statutory scheme and thus the Appellate Division erred in finding that

plaintiff's construction rendered the provision superfluous. V. The only remedy for the statutory violation is to bar enforcement of the Relation of Earnings to Insurance clause. (*Bersani v General Acc. Fire & Life Assur. Corp.*, 36 NY2d 457; *G.E. Capital Mtge. Servs. v Daskal*, 211 AD2d 613.) VI. Even if this Court agrees with the Appellate Division as to the construction of the statute, plaintiff's other causes of action must be reinstated since they were never adjudicated and only dismissed as moot.

*Rivkin Radler LLP,* Uniondale (*Cheryl F. Korman, Evan H. Krinick* and *Norman L. Tolle* of counsel), and *McCarter & English, LLP,* New York City (*Andrew O. Bunn* and *Raphael M. Rosenblatt* of counsel), for respondent. I. The Relation of Earnings to Insurance provision was worded, captioned and placed in the policy in accordance with the applicable provisions of the Insurance Law. (*Ivey v State of New York*, 80 NY2d 474; *People v Santorelli*, 80 NY2d 875.) II. Plaintiff's additional arguments on appeal are without merit. (*Gillman v Chase Manhattan Bank*, 73 NY2d 1; *Bersani v General Acc. Fire & Life Assur. Corp.*, 36 NY2d 457; *G.E. Capital Mtge. Servs. v Daskal*, 211 AD2d 613, 89 NY2d 861; *Carrier v Salvation Army*, 88 NY2d 298; *Hammer v American Kennel Club*, 1 NY3d 294; *Sheehy v Big Flats Community Day*, 73 NY2d 629; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314; *Hudes v Vytra Health Plans Long Is.*, 295 AD2d 788, 99 NY2d 505; *Sparkes v Morrison & Foerster Long-Term Disability Ins. Plan*, 129 F Supp 2d 182; *Matter of State of New York v Avco Fin. Serv. of N.Y.*, 50 NY2d 383.)

## OPINION OF THE COURT

READ, J.

We are called upon to decide whether the placement of a "Relation of Earnings to Insurance" (REI) clause within the "General Provisions" of a disability insurance policy complies with Insurance Law § 3216. For the reasons that follow, we conclude that it does.

### I.

Defendant Connecticut General Life Insurance Company issued a 10-page form disability income insurance policy to plaintiff Bruce Friedman, a citizen and resident of New York, on July 19, 1983. The first section of the policy, entitled "Policy Specifications," sets forth a "Monthly Indemnity for Total Dis-

ability" in a "Benefit Amount" of $2,500, and an "Annual Premium" of $952.50. Sections entitled "Definitions," "Benefit Provisions," "Exclusions and Limitations," "Premium and Reinstatement Provisions" and "General Provisions" immediately follow.

In its "Benefit Provisions," the policy declares plaintiff eligible for a "Monthly Indemnity for Total Disability" of $2,500 upon proof of his total disability while the policy is in force. The REI clause, included within the "General Provisions," specifies, however, that

> "[i]f the total amount of loss of time benefits promised for the same disability under all valid loss of time coverage upon the Insured exceeds the greater of (a) the Insured's monthly earnings at the time disability commenced or (b) the Insured's average monthly earnings for the 2-year period immediately preceding a disability for which claim is made, the Company will be liable only for a reduced amount of the benefits under the policy. Such reduced amount will be (a) such proportion of the benefits otherwise provided under the policy as the amount of such monthly earnings or average monthly earnings bear to the total amount of monthly benefits for the same disability under all valid loss of time coverage upon the Insured at the time such disability commences, plus (b) a pro rata refund of the premiums paid during such 2-year period for benefits not paid. This provision, however, will not operate to reduce the total monthly amount of benefits payable under all valid loss of time coverage upon the Insured below the lesser of: (a) the sum of $300 or (b) the sum of the monthly benefits specified in such coverages. This provision will not be effective with respect to any renewal of the policy after Age 65. 'Valid loss of time coverage' means all loss of time coverage provided by any government, or agency thereof, or any Insurance company, organization or fund."

In June 1998, plaintiff became totally disabled within the meaning of the policy.[1] He had paid all the premiums due since the policy's issuance and had otherwise complied with its terms

---

1. Plaintiff's premiums for the policy were waived on June 8, 1998.

and conditions. Initially, Connecticut General tendered plaintiff a monthly benefit check in the amount of $2,500. Later, however, the company applied the policy's REI clause and reduced his monthly benefits to $543.33 (plus a pro rata refund of premiums already paid, as provided by the REI clause).[2]

In a summons and complaint dated June 18, 2001, plaintiff sued Connecticut General in Supreme Court on behalf of himself and a putative class. He alleged eight causes of action arising out of the company's use of REI clauses in its insurance policies in New York and elsewhere.

Plaintiff's first and third causes of action asserted class claims under other states' statutes proscribing deceptive acts or practices in business or trade and other states' statutes and regulations governing insurance respectively. A second cause of action alleged that Connecticut General's "conduct in the marketing and sale of" the policies was "materially unfair, misleading, and constituted a deceptive act or practice in the conduct of [its] business or trade" under General Business Law § 349. As a fourth cause of action, plaintiff alleged that Connecticut General was "in violation of New York insurance statutes and regulations." Plaintiff's fifth cause of action alleged breach of contract; his sixth cause of action alleged that the policy was unconscionable because of its REI clause. As remedies for the above causes of action, plaintiff principally sought damages amounting to the difference between the amount paid and the benefit amount of $2,500, and a declaration that the REI clause was void or unenforceable.

A seventh cause of action sought the statutory penalty under Insurance Law § 4226 for alleged violation of insurance regulations: a refund of premiums paid. In his eighth and final cause of action, plaintiff alleged that even if the REI clause was enforceable, Connecticut General had still underpaid him. Plaintiff therefore sought to be awarded a sum equal to the difference between the amount he considered to be due and payable and the lesser amount that he had, in fact, received.

The thrust of the complaint was that the REI clause's location in the policy was "unfair, deceptive, and misleading" to plaintiff and purported class members. Specifically, plaintiff

---

2. According to plaintiff's counsel, at some point Connecticut General increased his monthly benefit from $543.33 to an amount over $1,900. According to Connecticut General's counsel, plaintiff paid about $14,000 over a 15-year period in premiums and, as of November 2003, had collected roughly $98,000 in benefits.

contended that section 3216 (c) (7) of the Insurance Law mandated putting the REI clause together with the total disability benefit to which it applied, whereas Connecticut General had instead buried the REI clause in the policy's "General Provisions."

On August 3, 2001, Connecticut General moved to dismiss the complaint on grounds that plaintiff's claims were either time-barred or failed to state a cause of action. Supreme Court denied the motion in its entirety, agreeing with plaintiff that section 3216 (c) (7) mandated placing the REI clause with the benefit provision to which it applied,

> "to wit, the Total Disability Benefit. Instead, [Connecticut General] placed it in the 'General Provisions' section of the policy along with 'general' terms such as claim forms, proof of loss, payment of claims, etc. . . . [T]he Specification Page, which is the first substantive page of the policy, describes the benefit provided by the policy as $2500 without making any mention of the prior earnings 'cap.' "

Supreme Court went on to address plaintiff's eighth cause of action, although he did not need to reach it. Relying on an out-of-state case where the REI language was written by an insurance company rather than a legislature, the court opined that "it would appear that even if the clause were enforceable, plaintiff would still be entitled to the full benefit amount of the policy, in the absence of a showing that he has another disability policy providing loss of time benefits."

On May 30, 2003, plaintiff moved by order to show cause to certify a class consisting of "[a]ll insureds, owners, and beneficiaries under disability policies of insurance underwritten and sold by [Connecticut General] that contain a Relation of Earnings to Insurance Provision." On July 29, 2003, Connecticut General moved for summary judgment to dismiss the complaint. In support of its motion, the company supplied documentation to establish that the form policy issued to plaintiff had been reviewed and approved by the New York State Insurance Department for use in New York. Further, Connecticut General emphasized that

> "[t]he purpose of the REI provision is to reduce or restrict loss of time benefits if the insured was over-insured at the time of claim. Application of the provision does not deprive the insured of benefits to

which he was entitled. To the extent premiums were paid for a greater benefit than actually received, such premiums are returned to the policyholder."

On behalf of himself and the putative class, plaintiff on October 6, 2003 cross-moved for partial summary judgment on certain of his causes of action.

As an initial matter, Supreme Court determined that Connecticut General's "motion for summary judgment [was], in essence, a motion to reargue the prior motion to dismiss" and treated the prior order as law of the case (2004 NY Slip Op 30089[U], *4).[3] Ultimately, Supreme Court dismissed plaintiff's first and second causes of action on the company's motion; granted plaintiff summary judgment on his fifth cause of action for breach of contract; declared the REI clause void from the beginning, entitling plaintiff to full disability benefits going forward and reimbursement of any amounts deducted from past payments on account of the REI clause; entered judgment for plaintiff on the seventh cause of action for payment of a statutory penalty equal to the amount of premiums paid; dismissed plaintiff's third, fourth, sixth, and eighth causes of action as duplicative and/or moot; and denied class certification.

Connecticut General appealed; plaintiff cross-appealed the denial of class certification. In addition, plaintiff contended that in the event the Appellate Division reversed the order granting him summary judgment on his fifth and seventh causes of action, it should reinstate the other claims dismissed by Supreme Court.

First, the Appellate Division faulted Supreme Court for regarding Connecticut General's motion for summary judgment as a motion to reargue the motion to dismiss, and for "treating the prior [order] as law of the case . . . since the scope of review on the two motions differs" (30 AD3d 349, 349 [1st Dept 2006]). The court then explained that

"[t]his error was compounded by the prior motion court's erroneous construction of the policy language. The breach of contract claim was based upon the insurer's enforcement of its [REI] clause, which was alleged to be unenforceable under the contract due to failure to comply with statutory requirements. Specifically, the policy allegedly failed to

3. The prior motion was decided by a different Justice, who had retired by the time Connecticut General moved for summary judgment.

notify the insured that his monthly benefit would be less than the policy's stated monthly benefit, because the location in the policy of its REI clause did not accord with the statutory requirements" (30 AD3d at 350).

The Appellate Division rejected Supreme Court's interpretation of section 3216, holding that "the location of the REI clause in the policy did not violate the statute, as a matter of law" (id. at 351). The court denied plaintiff's cross motion in its entirety and dismissed plaintiff's fifth and seventh causes of action, ultimately directing the clerk to enter judgment in favor of defendant and dismiss the complaint. The Appellate Division did not discuss the four causes of action dismissed by Supreme Court as duplicative and/or moot based on that court's contrary interpretation of section 3216, but instead simply affirmed this part of Supreme Court's order.

Plaintiff then moved for leave to appeal to us. We granted his motion except insofar as he sought to appeal from the portion of the Appellate Division's order denying class certification, which we dismissed on the ground of finality (see 8 NY3d 875 [2007]).[4] We begin our analysis by considering the causes of action dismissed for the first time by the Appellate Division—the fifth cause of action for breach of contract and the seventh cause of action for a statutory penalty under Insurance Law § 4226.

## II.

Plaintiff's breach-of-contract claim is premised upon a clause in the policy entitled "Conformity with State Statutes." This clause, which comes directly after the REI clause in the section captioned "General Provisions," states that "[a]ny provision of the Policy . . . in conflict with the statutes of the state in which the Insured resides . . . is hereby amended to conform to the minimum requirements of such statutes" (see also Insurance Law § 3103 [a] ["in all respects in which (an insurance policy's) provisions are in violation of the requirements or prohibitions of (the Insurance Law) it shall be enforceable as if it conformed with such requirements or prohibitions"]). Consequently, if Connecticut General's REI clause does not comply with the requirements of New York's Insurance Law, the reduction of

---

4. An order denying class certification is not reviewable on appeal from a final order because it does not necessarily affect the final determination (see Karger, The Powers of the New York Court of Appeals § 4:6, at 61 [rev 3d ed 2005]).

plaintiff's benefits in accordance with the REI clause would constitute a breach of contract.

Insurance Law § 3216 (c) (7) provides that

"[n]o policy of accident and health insurance shall be delivered or issued for delivery to any person in this state unless: . . .

"[t]he exceptions and reductions of indemnity are set forth in the policy and, *except those which are set forth in subsection (d) of this section*, are printed, at the insurer's option, either included with the benefit provision to which they apply, or under an appropriate caption such as 'EXCEPTIONS', or 'EXCEPTIONS AND REDUCTIONS', provided that if an exception or reduction specifically applies only to a particular benefit of the policy, a statement of such exception or reduction shall be included with the benefit provision to which it applies" (emphasis added).

Plaintiff argues that section 3216 (c) (7)'s closing proviso—i.e., "provided that if an exception or reduction specifically applies only to a particular benefit of the policy, a statement of such exception or reduction shall be included with the benefit provision to which it applies"—should control the placement of the REI clause, which concededly applies solely to the "particular benefit" of "Total Disability Benefit." Governing principles of statutory construction, as applied to the language of subsections (c) (7), (d) (2), and (d) (4), however, counsel otherwise.

First, section 3216 (c) (7) begins by explicitly "except[ing] those [exceptions and reductions of indemnity] which are set forth in subsection (d) of this section" from its further requirements as to location of exceptions and reductions of indemnity. Subsection (d) (2), in turn, states as follows:

"Other provisions. No such policy delivered or issued for delivery to any person in this state shall contain provisions respecting the matters set forth below unless such provisions are in the words (not including the designation by number or letter) in which the same appear in this paragraph except that the insurer may, at its option, use in lieu of any such provision a corresponding provision of different wording approved by the superintendent [of Insurance] which is not less favorable in any respect

to the insured or the beneficiary. Any such provision contained in the policy shall be preceded individually by the appropriate caption appearing herein or, at the option of the insurer, by such appropriate individual or group captions or subcaptions as the superintendent may approve."

Subparagraph (F) in subsection (d) (2), captioned "RELATION OF EARNINGS TO INSURANCE," recites the precise wording used by Connecticut General in the REI clause that is the subject of this litigation. Thus, Connecticut General's REI clause, as an exception or reduction in indemnity "set forth in subsection (d)" of section 3216, is explicitly excepted from the requirements of section 3216 (c) (7) by the plain language of that statutory provision.

Plaintiff nonetheless argues that the "subsection (d)" exception within subsection (c) (7) modifies only the phrase "either included with the benefit provision to which they apply, or under an appropriate caption such as 'EXCEPTIONS', or 'EXCEPTIONS AND REDUCTIONS'." Thus, he contends that subsection (c) (7)'s further proviso (i.e., "provided that if an exception or reduction specifically applies only to a particular benefit of the policy, a statement of such exception or reduction shall be included with the benefit provision to which it applies") modifies subsection (d) exceptions or reductions in indemnity. In short, plaintiff maintains that subsection (c) (7)'s final proviso is unqualified by that subsection's earlier, explicit limitation relating to subsection (d) enumeration.

"The purpose of a proviso is to restrain the enacting clause, to except something which would otherwise have been within it, or in some measure to modify it" (McKinney's Cons Laws of NY, Book 1, Statutes § 212). "The operation of a proviso is usually and properly confined to *the clause or distinct portion of the enactment which immediately precedes it* and does not, in the absence of a manifestly shown intent, extend to or qualify other sections or portions of the statute" (*id.*, Comment [emphasis added]). Thus, under traditional principles of statutory construction, the proviso so heavily relied upon by plaintiff modifies only "the clause or distinct portion of the enactment which immediately precedes it." The end result is that subsection (c) (7) commands that, *where no subsection (d) exception or reduction in indemnity applies*, any other exception or reduction in indemnity that pertains only to a particular policy benefit must be included with the benefit provision to which it applies.

Thus, the statutory proviso is wholly inapplicable to the REI clause.

Further, subsection (d) sets forth its own requirements for placement and captioning of the exceptions or reductions in indemnity that it enumerates. This lends additional support to our reading of section 3216 (c) (7). Specifically, section 3216 (d) (4) provides that

"[t]he provisions which are the subject of paragraphs one and two of this subsection, or any corresponding provisions which are used in lieu thereof in accordance with such paragraphs, shall be printed in the consecutive order of the provisions in such paragraphs or, *at the option of the insurer, any such provision may appear as a unit in any part of the policy*, with other provisions to which it may be logically related, provided the resulting policy shall not be in whole or in part unintelligible, uncertain, ambiguous, abstruse, or likely to mislead a person to whom the policy is offered, delivered or issued" (emphasis added).

Because of this explicit direction relating to placement of subsection (d) exceptions and reductions, interpreting subsection (c) (7)'s ending proviso to govern the REI clause would inevitably create superfluity if not a downright conflict within section 3216. A court must consider a statute as a whole, reading and construing all parts of an act together to determine legislative intent (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 97), and, where possible, should "harmonize[ ] [all parts of a statute] with each other . . . and [give] effect and meaning . . . to the entire statute and every part and word thereof" (*id.* § 98; *see also People v Mobil Oil Corp.*, 48 NY2d 192, 199 [1979] ["It is a well-settled principle of statutory construction that a statute or ordinance must be construed as a whole and that its various sections must be considered together and with reference to each other"]). The existence of a specific placement scheme within subsection (d) reinforces our conclusion that the final proviso of subsection (c) (7) applies only to those exceptions and reductions in indemnity that are *not* enumerated in subsection (d), while subsection (d) (4)—the independent provision on placement contained within subsection (d)—applies to those exceptions and reductions in indemnity that *are* specifically enumerated in subsection (d). Only this interpretation permits subsections (c) and (d) to fit together in complete concinnity.

Because the REI clause's placement in the policy complies with section 3216, the Appellate Division correctly dismissed plaintiff's fifth cause of action for breach of contract, as that claim hinges upon the policy provision demanding conformity with state statutes. For the same reason, the Appellate Division also properly dismissed plaintiff's seventh cause of action, a claim for statutory penalties under Insurance Law § 4226 (d). We next address plaintiff's eighth cause of action.

### III.

Plaintiff alleges in his eighth cause of action that even if the REI clause is enforceable, Connecticut General has not calculated his benefits correctly. He contends that once this cause of action is no longer moot, it must be reinstated because it has never been considered on its merits by any court.

The record makes clear that between Supreme Court's initial order, which was addressed solely to the pleadings, and its subsequent order, which disposed of Connecticut General's and plaintiff's motions for summary judgment and partial summary judgment respectively, neither party submitted additional facts on the subject of the eighth cause of action. Connecticut General's motion for summary judgment and its supporting memoranda, exhibits, and affirmations merely reassert the argument made in its earlier motion to dismiss; that is, that plaintiff insufficiently alleged a mistake. For his part, plaintiff did not cross-move for summary judgment on this particular cause of action. Instead, he simply took the position that there were material issues of fact regarding Connecticut General's misapplication of the REI clause, assuming it to be enforceable. As a result, plaintiff's eighth cause of action requires further adjudication. Plaintiff's arguments to support revival of his other causes of action are without merit.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be modified, without costs, by reinstating the eighth cause of action and remitting to Supreme Court for further proceedings on that cause of action, and, as so modified, should be affirmed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur.

Order, insofar as appealed from, modified, etc.