OPINION OF THE COURT
Ciparick, J.
This appeal presents the issue whether Family Court has subject matter jurisdiction to adjudicate a support petition brought pursuant to the Uniform Interstate Family Support Act (UIFSA) (Family Ct Act art 5-B) by a biological parent seeking child support from her former same-sex partner. We hold that Family Court possesses subject matter jurisdiction to hear such a petition.
H.M. seeks child support from E.T. According to H.M.’s allegations, which we must take as true for present purposes, the parties were involved in a romantic relationship in New York *525 from 1989 through 1995, and cohabited during much, if not all, of that period. During the first year of their relationship, they planned to conceive and raise a child together, discussing, among other things, available methods of conception, child-rearing practices, and whether the child would be raised as a sibling of E.T.’s children from a prior relationship. In 1993, after many failed attempts, H.M. became pregnant by artificial insemination. E.T. performed the procedure by which H.M. was inseminated.
H.M. gave birth to a son in September 1994. E.T. was present at the delivery and cut the umbilical cord, and the parties shared the expenses associated with the conception and birth of the child. After the child’s birth, both parties participated in his care. However, four months after the child was born, E.T. ended the relationship. H.M., a Canadian citizen, moved into her parents’ residence in Montreal with the child. An attempted reconciliation in 1997 failed, although E.T. continued to provide H.M. with gifts for the child and monetary contributions for the child’s care at unspecified times after the parties’ separation.
In 2006, H.M. filed an application in Ontario, Canada, seeking a declaration of parentage and an order of child support establishing monthly payments retroactive to the child’s birth. Pursuant to the Uniform Interstate Family Support Act, H.M.’s application was transferred to Family Court, Rockland County.
At an appearance before a Family Court Support Magistrate, E.T. moved to dismiss the petition on jurisdictional grounds. The Support Magistrate dismissed the petition, agreeing with E.T. that no legal basis for jurisdiction existed. H.M. filed written objections to the Support Magistrate’s order, and Family Court subsequently reversed the order of dismissal and ordered a hearing to determine whether E.T. should be equitably estopped from denying parentage and support obligations (16 Misc 3d 1136[A], 2007 NY Slip Op 51711[U]).
E.T. appealed. The Appellate Division, with two Justices dissenting, reversed and reinstated the Support Magistrate’s order dismissing the petition for lack of subject matter jurisdiction (see Matter of H.M. v E.T., 65 AD3d 119 [2d Dept 2009]).
H.M. appeals as of right pursuant to CPLR 5601 (a) from the Appellate Division order reinstating the Support Magistrate’s order of dismissal, and we now reverse.
In 1996, the United States Congress required each state to enact the Uniform Interstate Family Support Act, to ensure *526 uniformity in interstate actions for the establishment, enforcement, and modification of spousal and child support orders (see 42 USC § 666 [f]; Matter of Spencer v Spencer, 10 NY3d 60, 65 [2008]). New York adopted UIFSA in 1997, designating Family Court as our UIFSA “tribunal” (see Family Ct Act § 580-102 [“The family court is the tribunal of this state”]). With respect to the law to be applied by Family Court, UIFSA states that
“[e]xcept as otherwise provided by this article, a responding tribunal of this state:
“(1) shall apply the procedural and substantive law, including the rules on choice of law, generally applicable to similar proceedings originating in this state and may exercise all powers and provide all remedies available in those proceedings-, and
“(2) shall determine the duty of support and the amount payable in accordance with the law and support guidelines of this state” (Family Ct Act § 580-303 [emphasis added]).
Article VI of the State Constitution establishes “[t]he family court of the state of New York” (NY Const, art VI, § 13 [a]). We have previously explained that Family Court is a court of limited jurisdiction, constrained to exercise only those powers granted to it by the State Constitution or by statute (see Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366 [2008]). Thus, in addition to establishing Family Court, the Constitution enumerates the powers thereof. Among the “classes of actions and proceedings” over which the Constitution grants Family Court jurisdiction are proceedings to determine “the support of dependents except for support incidental to actions and proceedings in this state for marital separation, divorce, annulment of marriage or dissolution of marriage” (NY Const, art VI, § 13 [b] [4]). Article 4 of the Family Court Act more specifically defines Family Court’s role with respect to support.
Specifically, of particular relevance here, article 4 of the Family Court Act, entitled “Support Proceedings,” provides, among other things, that
“the parents of a child under the age of twenty-one years are chargeable with the support of such child and, if possessed of sufficient means or able to earn such means, shall be required to pay for child support a fair and reasonable sum as the court may *527 determine” (Family Ct Act § 413 [1] [a] [emphasis added]).
Family Court indisputably has jurisdiction to determine whether an individual parent—regardless of gender—is responsible for the support of a child (see Family Ct Act § 413 [1] [a]). Moreover, statutory jurisdiction—as Family Court has—carries with it such ancillary jurisdiction as is necessary to fulfill the court’s core function (see Higgins v Sharp, 164 NY 4, 8 [1900]; see also Loomis v Loomis, 288 NY 222, 224 [1942]). Thus, because Family Court unquestionably has the subject matter jurisdiction to ascertain the support obligations of a female parent, Family Court also has the inherent authority to ascertain in certain cases whether a female respondent is, in fact, a child’s parent.
Article 4 of the Family Court Act establishes the public policy of the State in favor of obligating individuals, regardless of gender, to provide support for their children. The dissent argues that such relief can be afforded only in Supreme Court, a court of original trial jurisdiction. However, as the two dissenting Justices below found, Family Court and Supreme Court have coextensive authority—concurrent jurisdiction—in relation to child support matters. The Domestic Relations Law and the Family Court Act are identical in the establishment of statewide child support guidelines applicable to all child support proceedings, whether brought initially in Family Court or brought in Supreme Court as ancillary to a matrimonial action or custody proceeding. Moreover, under the guidelines adopted in New York as the Child Support Standards Act (L 1989, ch 567), both parents have an obligation to contribute to the economic well-being of their children. The relevant coextensive statutes— Family Court Act § 413 and Domestic Relations Law § 240—are capable of being enforced in a fashion that does not disadvantage a litigant in Family Court.
In short, because H.M. asserts that E.T. is the child’s parent, and is therefore chargeable with the child’s support, this case is within the Family Court’s article 4 jurisdiction. We have no occasion to decide whether it is also, as the Family Court and the Appellate Division dissent concluded, within that court’s article 5 jurisdiction. Nor do we decide the merits of H.M.’s support claim.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to the Appellate *528 Division for consideration of questions raised but not determined on the appeal to that court.
Smith, J. (concurring in Debra H. v Janice R. and Matter of H.M. v E.T.).