This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 175
The People &c.,
          Respondent,
        v.
Ally Golo,
          Appellant.

David P. Greenberg, for appellant.
Danielle S. Fenn, for respondent.

ABDUS-SALAAM, J. :

        In April 2004, defendant pleaded guilty to criminal possession of a controlled substance in the third degree, a class "B" felony, and he was sentenced in June 2004 to an indeterminate prison term of from three and one-half to ten years.  Defendant had committed that crime in April 2003.  Days after he was sentenced on this drug charge, defendant was sentenced, upon his

- 1 -

guilty plea to two counts each of robbery in the first degree and of endangering the welfare of a child, in connection with robberies that had occurred in May and June 2003.  For these crimes, he was sentenced to two determinate seven-year prison terms for the robbery counts to be served concurrently with each other and two one-year terms for the endangering counts.

Defendant was initially released to parole supervision in September 2009.  However, his parole was revoked following his May 2010 arrest for possessing a gravity knife, and he was referred to a drug treatment program.  After completing the drug treatment program, he was restored to parole supervision in November 2010.  But less than three months later defendant was arrested for possessing cocaine and resisting arrest, and his parole was again revoked in September 2011.  He pleaded guilty to a parole violation for resisting arrest and was sentenced to an 18-month parole hold.

In March 2012, defendant moved, pursuant to the Drug Law Reform Act of 2009 (L. 2009, ch 56 [codified in relevant part at CPL 440.46][hereinafter DLRA-3]), to be resentenced on his 2004 conviction for criminal sale of a controlled substance in the third degree.  Supreme Court denied the motion for resentencing, holding that defendant was ineligible because he had been convicted of an "exclusion offense" (CPL 440.46 [5][a]) within the ten-year period between his sentencing on his 2004 conviction for criminal sale of a controlled substance in the

third degree and his application for resentencing.  The Court issued its decision without the parties being present, and without offering defendant an opportunity to appear.  The Court found that it need not consider defendant's interest of justice arguments for resentencing, but that even if defendant were eligible for resentencing, the Court would still deny his motion in the exercise of its discretion.

The Appellate Division affirmed (109 AD3d 623 [2d Dept 2013]).  It disagreed with Supreme Court about defendant's eligibility to be resentenced, reasoning that defendant's robbery convictions did not constitute "exclusion offense[s]" within the meaning of CPL 440.46 (5)(a) because they were committed after the drug offense for which he sought resentencing.  However, it held that Supreme Court providently exercised its discretion in concluding that considerations of substantial justice dictated the denial of the motion.  A Judge of this Court granted leave to appeal (23 NY3d 1037 [2014]), and we now reverse and remit.

As an initial matter, the People argue that Supreme Court properly found that defendant was ineligible for resentencing.  We are able to review that argument notwithstanding defendant's assertion to the contrary (see CPL 470.35 [1]), and agree with the Appellate Division that the 2004 robbery convictions are not "exclusion offense[s]" under CPL 440.46 (5)(a) because defendant's convictions on the robbery charges occurred after, not prior to, the drug offense for which

he seeks resentencing.  An "exclusion offense" is defined as

> "a crime for which the person was *previously convicted* within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the *previous felony* and the time of commission of the *present felony*, which was: (i) a violent felony offense as defined in section 70.02 of the penal law; or (ii) any other offense for which a merit time allowance is not available pursuant to [Correction Law § 803 (d)(ii)]" (CPL 440.46 (5)(a), emphasis added).

"As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]).  Given the provision's references to a "previous" felony and the "present" felony, the wording of the statute indicates that exclusion offenses must have been committed before the drug offense for which resentencing is sought (see People v Myles, 90 AD3d 952 [2d Dept 2011]["The statutory language was not written in anticipation of a situation where the potential exclusion offense was committed after the drug conviction for which the defendant seeks resentencing."]).  Our decision in People v Sosa (18 NY3d 436 [2012]) is not to the contrary, as it concerned the interpretation of the phrase "within the preceding ten years," not the meaning of the term "previously convicted."

Although we recognize the seeming anomaly that a

violent felony committed days after the drug offense cannot count as an exclusion offense, while the same violent felony committed prior to the drug offense could be an exclusion offense, "it . . . remain[s] that the law, as it is written, countenances the disparity and is not properly rewritten to accord more perfectly with judicial or prosecutorial notions of consistency" (People v Sosa, 18 NY3d at 442 [2012]).  Here, as in People v Paulin, where we addressed a different provision of the DRLA-3, we are guided "[b]y the plain text of the statute" (17 NY3d 238, 244 [2011]).  If the wording of the statute has caused an unintended consequence, it is up to the legislature to correct it.

Furthermore, as we noted in Paulin, if defendants have shown by their conduct that they do not deserve relief from their sentences, courts can deny their resentencing applications.  "A provision of the 2004 DLRA, incorporated by reference into the 2009 DLRA (CPL 440.46 [3]), says that a resentencing application need not be granted if 'substantial justice dictates that the application should be denied' (L 2004, ch 738, § 23)"(id. at 244).  Thus, while defendant's conduct after his conviction for the drug offense cannot constitute an "exclusion offense," it is properly considered by the court in deciding his resentencing application.

We agree with defendant that it was error for the courts below to decide his resentencing motion without giving him an opportunity to be heard.  The DLRA-3 states that on a

defendant's application for resentencing, "the court shall offer an opportunity for a hearing and bring the applicant before it" (CPL 440.46 [3]; Laws of 2004, ch 73, § 23).  This language is mandatory.  The statute also provides that "the court may also conduct a hearing, if necessary, to determine whether such person qualifies to be resentenced or to determine any controverted issue of fact relevant to the issue of sentencing" (id.)  Thus, the permissive language authorizing a hearing on the issues of eligibility and sentencing contrasts with the unambiguous directive that the court offer a defendant an opportunity to be heard on the merits of the application.  There should be a new determination of the defendant's motion, to be made after affording him an opportunity to appear before the court (People v Bens, 109 AD3d 664, 665 [2d Dept 2013]).

Accordingly, the order of the Appellate Division should be reversed, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed and case remitted to Supreme Court, Queens County, for further proceedings in accordance with the opinion herein. Opinion by Judge Abdus-Salaam.  Chief Judge Lippman and Judges Pigott, Rivera, Stein and Fahey concur.

Decided November 23, 2015