================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 129
In the Matter of Lisa T.,
            Respondent,
        v.
King E. T.,
            Appellant.




            Richard L. Herzfeld, for appellant.
            Randall S. Carmel, for respondent.




STEIN, J.:

        Petitioner Lisa T. filed a family offense petition

against respondent King E.T., who is her husband and the father

of her child.  Petitioner requested and received a temporary

order of protection, ex parte, at her first appearance in Family

Court.  The temporary order of protection directed respondent to

- 1 -

refrain from all communications with petitioner except those relating to visitation arrangements and emergencies regarding the child. It is undisputed that respondent was served with, and had knowledge of, this order. Throughout a series of subsequent court appearances concerning the family offense petition -- at which respondent was present with one exception -- the temporary order of protection was extended. While the family offense proceeding remained pending, petitioner filed two violation petitions, later consolidated into a single petition, alleging that respondent had contacted her in contravention of the temporary orders of protection.

Family Court held a combined hearing on the family offense and consolidated violation petitions. As relevant here, Family Court determined that petitioner had presented insufficient evidence to sustain the family offense petition, but that she had proven respondent's willful violations of two temporary orders through email communications unrelated to the child's visitation or any emergency. Accordingly, Family Court dismissed the family offense petition, but sustained the violation petition and issued a one-year final order of protection precluding respondent from, among other things, communicating with petitioner except as necessary to make arrangements for respondent's visitation with the child.

Upon respondent's appeal, the Appellate Division affirmed, with one justice dissenting (147 AD3d 670 [1st Dept

2017]).  The dissenting justice would have held that Family Court lacked jurisdiction to issue a final order of protection because the family offense petition had been dismissed (147 AD3d at 675). Thereafter, the Appellate Division certified to this Court the question of whether its order was properly made.

Respondent first argues that Family Court lacked jurisdiction to enter a final order of protection upon its finding that he violated the temporary orders of protection, absent a determination that either the conduct alleged in the original family offense petition or the conduct that comprised the violation of the temporary orders of protection constituted the commission of a family offense.  We reject respondent's proposed limitation on Family Court's jurisdiction, inasmuch as it contradicts the plain language of the relevant Family Court Act provisions.

It is well established that "Family Court is a court of limited jurisdiction, constrained to exercise only those powers granted to it by the State Constitution or by statute" (Matter of H.M. v E.T., 14 NY3d 521, 526 [2010]; see Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366 [2008]).  In accordance with the Constitution (NY Const art VI, § 13), the Family Court Act provides that court with concurrent jurisdiction (shared with the criminal courts) over "family offenses" (Family Court Act § 812 [1]).  The statutory procedures concerning family offenses are set forth in article 8 of the Family Court Act, and section 812

enumerates the crimes which, if committed between persons in specified relationships, constitute family offenses (see id.).  A family offense proceeding is commenced by the filing of a petition alleging the commission of a family offense between parties with the requisite familial relationship, and the petition typically seeks an order of protection (see id. § 821). We have explained that "[t]he purpose of [article 8 is] to remove in the first instance from the criminal courts a limited class of offenses arising in the family milieu, in order to permit a more ameliorative and mediative role by the Family Court" (People v Williams, 24 NY2d 274, 278 [1969]).

Upon the filing of a family offense petition, the court may, for good cause shown, issue a temporary order of protection in favor of the petitioner and against the respondent (see Family Court Act §§ 821-a [2] [b]; 828).  A temporary order of protection "is not a finding of wrongdoing" (id. § 828 [2]). Nevertheless, it is an order of the court and, pursuant to Family Court Act § 846, in the event of a violation, a new petition may be filed alleging "that the respondent has failed to obey a lawful order" of the court.  Family Court may hear the violation petition itself and either "take such action as is authorized under this article[,] . . . [or] determine whether such violation constitutes contempt of court, and transfer the allegations of criminal conduct constituting such violation to the district attorney for prosecution . . . ; or . . . transfer the entire

proceeding to the criminal court" (id. § 846 [b] [ii] [A]-[C]).
When Family Court retains jurisdiction over a violation petition,
section 846-a -- entitled "Powers on failure to obey order" --
sets forth the dispositions available to the court upon a finding
of a willful violation.  Specifically, "[i]f a respondent is
brought before the court for failure to obey any lawful order
issued under this article or an order of protection or temporary
order of protection issued pursuant to this act," and it is
proven that the respondent willfully violated such an order, the
court may, among other things, "modify an existing order or
temporary order of protection to add reasonable conditions of
behavior to the existing order, make a new order of protection in
accordance with section [842] of this part, . . . [or] may commit
the respondent to jail for a term not to exceed six months" (id.
§ 846-a [emphasis added]).

It is fundamental that, because "the clearest indicator
of legislative intent is the statutory text, the starting point
in any case of interpretation must always be the language itself,
giving effect to the plain meaning thereof" (Majewski v
Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; see
People v Golo, 26 NY3d 358, 361 [2015]).  Family Court Act §§ 846
and 846-a unequivocally grant Family Court jurisdiction and
authority to prosecute contempt of its orders, including
temporary orders of protection (see People v Wood, 95 NY2d 509,
514 [2000]).  Further, the statutory text explicitly authorizes

the court to enter a new order of protection if a respondent is found to have willfully violated a temporary order of protection (see Family Court Act § 846-a).

Nevertheless, respondent argues, and the dissent agrees, that the court's authority to enter a new order of protection under Family Court Act § 846-a upon the violation of a temporary order of protection may not be exercised where the original family offense petition has been dismissed and the conduct underlying the violation does not constitute a family offense.  Respondent maintains that dismissal of the family offense petition deprives the court of further jurisdiction.  We disagree.  While section 812 provides Family Court with concurrent jurisdiction over only specified family offenses, and the violation of a temporary order of protection does not necessarily involve a family offense, section 115 (c) of the Family Court Act states that the "[t]he family court has such other jurisdiction as is provided by law."  The plain language of sections 846 and 846-a supply the essential statutory jurisdiction here.

Family Court Act §§ 846 and 846-a contain no language tying Family Court's authority to impose specific penalties for the willful violation of a temporary order of protection to the court's determination of whether or not the family offense petition, itself, should be sustained (see generally People v Finnegan, 85 NY2d 53, 58 [1995] [courts should not read words

into a statute and "courts are not to legislate under the guise
of interpretation"]; McKinney's Cons Laws of NY, Book 1, Statutes
§ 74).  Significantly, there is no basis in the statutory text
upon which we may draw any distinction between Family Court's
jurisdiction over violations of final orders of protection
entered after a finding of a family offense, on the one hand, and
violations of temporary orders of protection entered during the
pendency of the family offense proceeding, on the other.
Further, the statutory scheme makes clear that conduct
constituting a violation of the order of protection need not
necessarily constitute a separate family offense in order for the
court to have jurisdiction over the violation.  Indeed, section
846-a contains no such requirement.

        The dissent contends that the reference in Family Court
Act § 846-a to section 842 -- which, in turn, references section
841 -- implicitly incorporates a limitation that a final order of
protection may be entered only after a finding that a family
offense was committed (see dissenting op., at 7).  Section 842
sets forth the terms, conditions, and durations, of orders of
protection entered pursuant to article 8.  Notably, while section
842 references orders issued pursuant to section 841 -- which
governs the disposition of family offense petitions -- section
846-a does not contain any such reference to section 841.  Thus,
on its face, section 846-a incorporates only that which is set
forth in section 842 with regard to the terms and conditions of

the order of protection entered upon a finding of a violation.
This is evidenced by the fact that section 846-a expressly
includes violations of temporary orders without drawing any
distinction between temporary and final orders; the inclusion of
temporary orders would be nonsensical if section 846-a applied
only to those orders of protection entered upon a disposition
under section 841 (see Leader v Maroney, Ponzini & Spencer, 97
NY2d 95, 104 [2001] ["meaning and effect should be given to every
word of a statute"]).  Contrary to the dissent's assertion, our
reading gives effect to, and does not render superfluous, the
reference to Family Court Act § 842 found in section 846-a,
whereas the dissent's reading strains the plain language of that
statutory provision.[1]

To be sure, where the court concludes that the
allegations of the petition charging respondent with a family
offense are not established, it must dismiss the family offense
petition (see Family Court Act § 841 [a]).  However, this does
not compel the conclusion that a pending petition alleging the

---

[1]  The dissent posits that Family Court may enter an order
of protection upon a violation petition if the underlying conduct
constitutes a new family offense, but that the court otherwise
may not utilize such a sanction for a mere violation.
Significantly, no such distinction can be found in the plain
language of the relevant statutes.  Section 846-a does not
require the court to make a finding as to whether a new family
offense has occurred as a prerequisite to finding and sanctioning
a violation of a temporary order of protection (see Family Court
Act § 846-a).  Moreover, the plain language of section 841 does
not address family offense findings made on violation petitions.

violation of a temporary order of protection must also be
dismissed.  As noted, the family offense and violation petitions
are authorized by different statutory provisions (see id. §§ 821,
846, 846-a).  Once Family Court obtains jurisdiction over the
parties by virtue of a petition facially alleging a family
offense, the court may issue a temporary order of protection (see
Family Court Act §§ 821-a [2] [a]; 828).  A violation of that
temporary order of protection is a separate matter over which
sections 846 and 846-a give Family Court authority to act,
including the authority to issue a final order of protection.[2]

        The jurisdiction exercised by Family Court here is
consistent both with the statutory text and with the purpose of
article 8 of the Family Court Act.  Allowing Family Court to
retain jurisdiction over violations of temporary court orders
entered during the pendency of a family offense proceeding
reinforces the goal of protecting victims and preventing domestic
violence.  Although, in some circumstances, the primary harm

---

    [2]  The dissent's reference to Judiciary Law § 753 is inapt.
Insofar as Family Court Act §§ 846 and 846-a specifically provide
for punishments and remedies for violations of temporary and
final orders of protection issued pursuant to article 8, resort
to the Judiciary Law is unwarranted and inappropriate (see Family
Court Act § 156 [the Judiciary Law shall apply "unless a specific
punishment or other remedy for such violation is provided in this
act or any other law"]; Merril Sobie, Practice Commentaries,
McKinney's Cons Laws of New York, Book 29A, Family Court Act §
156, at 122-123 ["The court is always bound by a specific section
of a substantive Family Court Act article as opposed to Section
156.  In other words, this section is the default option,
available only in the relatively rare event that a different
remedy has not been legislated"]).

resulting from a violation of a temporary order of protection may be directed at the court whose authority has been thwarted, there is generally also harm to the person who has been contacted in violation of the order.[3]

Further, permitting Family Court to enter an order of protection is consistent with the dispositions available should the matter proceed, instead, to criminal court (see generally Penal Law §§ 215.50 [3]; 215.51; CPL 530.12 [5]; 530.13 [4]). Thus, the statutory language permitting the entry of an order of protection upon a violation of a temporary order is consonant with the legislative goal of achieving resolution of intra-family disputes in Family Court without the need to resort to the criminal forum, where harsher sanctions -- such as lengthier incarceration periods -- may be imposed for criminal contempt (see Williams, 24 NY2d at 278).[4]

_____

[3] For example, a protected party may have reasonable safety fears insofar as a respondent's violation of an order of protection reflects an inability or unwillingness to abide by the court's authority and refrain from prohibited contact. Moreover, such conduct may give the court reason to believe that extended limitation of the contact between the parties is the appropriate sanction for violating the court's prior order of protection.

[4] Notably, the act of disobeying the order in and of itself -- regardless of whether it amounts to a family offense -- constitutes criminal contempt in the second degree (see Penal Law § 215.50 [3] [criminalizing "(i)ntentional disobedience or resistance to the lawful process or other mandate of a court]). Furthermore, to the extent the dissent claims that it is "inconceivable" that violations of article 8 temporary orders of protection would be prosecuted in criminal court if Family Court lacked authority to issue an order of protection as a violation

The dissent postulates that it was not the intention of the legislature to permit Family Court to enter orders of protection as a sanction for violations of temporary orders of protection when it enacted the 2013 amendments to article 8 of the Family Court Act.  This is mere speculation, at best, insofar as the amendments were unquestionably intended to strengthen Family Court's authority and ability to prevent domestic violence and the escalation of conflicts among family members (see Senate Introducer Mem in Support, Bill Jacket L 2013, ch 1 at 9).  Our plain reading of the statute is consistent with that stated legislative intent.  In any event, the best evidence of the legislative intent is the plain language of the text chosen by the legislature which, as already discussed, unambiguously authorizes the imposition of orders of protection for violations of temporary orders of protection (see Majewski, 91 NY2d at 583).  If, however, the wording of the statute has created an "unintended consequence," as the dissent suggests, it is the prerogative of the legislature, not this Court, to correct it (Golo, 26 NY3d at 362).

We further reject respondent's challenge to Family Court's finding that he violated the temporary order of

---

sanction (dissenting op at 9 n 3), this claim is both unsupported and, significantly, minimizes the seriousness of a respondent's demonstrated willingness to repeatedly ignore temporary orders of protection by directing disparaging and potentially harassing communications to the protected party.

protection issued on November 20, 2013.  Several successive extensions of the temporary orders of protection were served on respondent, there were no differences between the terms of the challenged order and the most recent prior order, respondent's attorney was present in court when the order in question was issued, and each temporary order contained a conspicuous written warning to respondent that a failure to appear in court on the next scheduled date may result in an extension of the order of protection and that the order would therefore remain in force and effect.  Under these circumstances, the courts below did not err as a matter of law by concluding that respondent had the requisite knowledge to support a finding that he violated the order in question (see generally McCain v Dinkins, 84 NY2d 216, 226 [1994]; Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983], amended 60 NY2d 652 [1983]; People ex rel. Stearns v Marr, 181 NY 463, 470 [1905]).  Respondent's remaining contentions lack merit.

        For the foregoing reasons, we hold that Family Court properly found that respondent willfully violated two temporary orders of protection issued during the pendency of the family offense proceeding and that the court acted within its jurisdiction to enter an order of protection upon those findings. Accordingly, the order of the Appellate Division should be affirmed, without costs, and the certified question answered in the affirmative.

Matter of Lisa T. v King E.T.

No. 129

WILSON, J.(dissenting):

I would reverse the Appellate Division order. Family Court dismissed the family offense petition, concluding that no family offense had been committed and the alleged violation of the temporary order of protection was not a family offense. In such a circumstance, Family Court lacks the authority to issue a final order of protection as a sanction for violation of a temporary order of protection.

King E.T. and Lisa T. were married and have a son. The couple's relationship disintegrated rapidly. Family Court noted that "for nearly all of [their son's] young life, the parties have been embroiled in a multitude of bitter legal disputes: first in New Jersey, and now in New York. In fact, in New York alone, the parties have filed 24 family offense, custody, and violation petitions since December 2012." When King E.T. obtained an ex parte order from a New Jersey court requiring Lisa T. to deliver their son to him within 24 hours, Lisa T. did not immediately comply. King E.T. sent emails to Lisa T. accusing her of lying, not responding, and neglecting their son. Based on those emails, Lisa T. filed the underlying family offense

- 1 -

petition in New York against King E.T., alleging that he committed several designated family offenses -- including aggravated harassment in the second degree, harassment in the first or second degree, menacing in the second or third degree and stalking.  She obtained a series of temporary orders of protection -- the first of which was issued ex parte -- which were extended upon the same terms at each successive court appearance.  As the majority notes, those preprinted form temporary protective orders contained an additional provision broadly barring King E.T. from communicating with Lisa T., but permitting him to contact her concerning "visitation arrangements."

Lisa T. filed a violation petition alleging that King E.T. failed to obey the temporary order of the court by sending her additional emails unrelated to emergency matters or visitation.  She did not file a new family offense petition in connection with the conduct at issue.  After a hearing on both petitions, Family Court determined that the original emails forming the basis for Lisa T.'s complaint did not constitute a family offense, and dismissed the family offense petition.  The court characterized Lisa T.'s testimony as "vague, at times unresponsive, and . . . wholly unconvincing."  However, Family Court found that two subsequent emails sent by King E.T. to Lisa T., which were the subject of the violation petition, violated the provision of the temporary order of protection as to the

permissible content of emails.  The first, which Family Court
concluded "started out with a legitimate purpose," also reflected
King E.T.'s concern that Lisa T. was abusing their son.  The
second email was in part insulting as to Lisa T.'s parenting
skills, while also demanding that their son maintain his
telephone visitation with King E.T. at the appointed times.
Concluding that those two emails violated the provision of the
temporary order of protection as to the permissible content of
emails, Family Court entered an order of protection barring King
E.T. from any communication with Lisa T. "except as necessary to
arrange visitation" and from "assault, stalking, harassment,
aggravated harassment, menacing, reckless endangerment,
strangulation, criminal obstruction of breathing or circulation,
disorderly conduct, criminal mischief, sexual abuse, sexual
misconduct, forcible touching, intimidation, threats, identity
theft, grand larceny, coercion or any criminal offense against"
Lisa T.  Thus, even though Family Court determined that King E.T.
committed no family offense, it issued an order of protection of
the kind that issues only upon proof of a family offense.

        The majority correctly notes that Family Court "is a
court of limited jurisdiction, constrained to exercise only those
powers granted to it by the State Constitution or by statute"
(majority op at 3).  The majority also notes that Family Court's
jurisdiction, which is concurrent with the criminal court,
extends only to statutorily-defined family offenses, and that

here, the Family Court determined that King E.T. had not committed a family offense.  However, the Family Court does have the authority to issue sanctions for violations of its own temporary orders of protection in a separate proceeding.  In holding that "[t]he plain language of sections 846 and 846-a provide the essential statutory jurisdiction here," (majority op at 6) the majority has, in fact, contravened the plain language of the Family Court Act and confused the court's statutory jurisdiction to issue an order of protection with its authority to impose a specific sanction for a violation of a court order.

As the majority notes, "[a] temporary order of protection 'is not a finding of wrongdoing,'" (majority op at 4, quoting Family Court Act § 828 [2]), and therefore may issue even if the alleged family offense is determined to be baseless.  Committing a designated family offense is the equivalent of committing the offenses defined in the Penal Law (see Family Court Act § 812; CPL 530.11 [criminal contempt is not a family offense]).  Violating a temporary order of protection by conduct that does not constitute a family offense is an affront to the court's authority, and is subject to sanction.  It is a fundamentally different matter from offending conduct that constitutes a new family offense.  The majority appears to recognize the incongruity of issuing an order of protection as a sanction for disobeying a court order based on nonthreatening speech set forth in an email, acknowledging that such a result

may be an "unintended consequence" (majority op at 10).  However,
the plain language of the Family Court Act shows that the
intended consequence is precisely the opposite of what the
majority holds today.

Section 846-a, which specifies Family Court's "[p]owers
on failure to obey order[s]" provides:

> "If a respondent is brought before the court
> for failure to obey any lawful order issued
> under this article or an order of protection
> or temporary order of protection issued
> pursuant to this act . . . if, after hearing,
> the court is satisfied by competent proof
> that the respondent has willfully failed to
> obey any such order, the court may modify an
> existing order or temporary order of
> protection to add reasonable conditions of
> behavior to the existing order, make a new
> order of protection in accordance with
> section [842] of this part, may order
> forfeiture of bail in a manner consistent
> with article [540] of the criminal procedure
> law if bail has been ordered pursuant to this
> act, may order the respondent to pay the
> petitioner's reasonable and necessary counsel
> fees in connection with the violation
> petition where the court finds that the
> violation of its order was willful, and may
> commit the respondent to jail for a term not
> to exceed six months"

(§ 846-a [emphasis added]).  If the majority's interpretation
were correct, the underlined language would be utterly
superfluous; we construe statutes to give "effect and meaning
. . . to the entire statute and every part and word thereof"
(Friedman v Connecticut Gen. Life Ins. Co., 9 NY3d 105, 115
[2007]).

Section 846-a provides the Family Court with various

remedies when faced with a violation of any lawful order issued under article 8, or an order of protection or -- as here -- a temporary order of protection.  However, the statutory language is quite clear that among the remedies, only "mak[ing] a new order of protection" is subject to the qualifier, "in accordance with section 842."  Section 842 itself begins with a limiting construction confining its reach to "order[s] of protection under section [841] of this part."

Section 841, in turn, sets forth the orders of disposition that family court may issue, and includes an order of protection as one such option.  The others listed are, "dismissing the petition, if the allegations of the petition are not established," suspending judgment, probation, and directing restitution.  Thus, implementing section 846-a's requirement that, if Family Court intends to make a new order of protection as a sanction, it must do so in compliance with section 842, which in turn incorporates section 841 (d), means that Family Court cannot issue a new order of protection unless there has been a family offense.  If, as here, there has been no family offense, the court may redress the offense to its authority by bail forfeiture, attorney's fees or jail time.

I agree with the majority that the Family Court Act provides that the violation of the temporary order of protection is a separate matter, distinct from the dismissal of the petition in which a family offense was alleged.  Clearly, if the violation

of the temporary order of protection provided a basis for a new
family offense petition or prosecution in the criminal court for
new crimes, a different path would have been taken to seek
measures available for the protection of the petitioner.  This
fact supports the legislative determination that a new order of
protection can issue only when a family offense has been proven.
The Family Court Act provides one set of remedies for family
offenses, and another for violations of court orders.  In
response to a proper petition alleging a family offense, the
court may (i) dismiss the petition; (ii) suspend judgment; (iii)
order probation, which may include education programming or drug
and alcohol counseling; (iv) make an order of protection; or (v)
order payment of restitution (Family Court Act § 841).  In
contrast, a civil finding of contempt may result in jail time or
fines, attorney's fees, or bail forfeiture (see Judiciary Law §
753; Family Court Act § 846-a).  By disregarding the meaning of
sections 842 and 841 in its reading of section 846-a, the
majority is undoing this clearly intended separation.

When Family Court determines that the defendant has not
committed a family offense, issuance of an order of protection to
vindicate the court's authority is inappropriate.  Instead,
Family Court should utilize its contempt powers provided by the
remaining sanctions under 846-a (bail forfeiture, attorney's fees

or jail time).[1]  The judiciary law addresses the "[p]ower of courts to punish for civil contempts" and provides that "[a] court of record [such as family court] has power to punish, by fine and imprisonment, or either" (Judiciary Law § 753).

Embroiled in an ugly custody battle, King E.T. sent two intemperate and perhaps baseless emails.  Family Court held that his conduct did not constitute a family offense,[2] yet subjected him to a one-year order of protection forbidding, inter alia, strangulation, sexual abuse and identity theft.  The majority obliquely addresses this odd result, writing: "[a]lthough the primary harm resulting from a violation of a temporary order of protection may, in some circumstances, be directed at the court whose authority was thwarted, there is generally also harm to the person who has been contacted in violation of the order" (majority op at 9).  The dismissal of Lisa T.'s family offense petition means that Family Court found that she suffered no

---

[1] Section 156 of the Family Court Act provides: "The provisions of the judiciary law relating to civil and criminal contempts shall apply to the family court in any proceeding in which it has jurisdiction under this act or any other law, and a violation of an order of the family court in any such proceeding which directs a party, person, association, agency, institution, partnership or corporation to do an act or refrain from doing an act shall be punishable under such provisions of the judiciary law, unless a specific punishment or other remedy for such violation is provided in this act or any other law."

[2] Indeed, Family Court observed that mere speech cannot be penalized unless the words themselves "present a clear and present danger of some substantive evil" (see People v Golb, 23 NY3d 455, 467 [2014]; People v Dietze, 75 NY2d 47, 52 [1989]).

legally-defined injury -- at least none within Family Court's jurisdiction. The instant violation petition failed to allege any family offense occurred. The cognizable injury here is not to Lisa T., but solely to the court's authority. The majority's interpretation is not just incompatible with the statutory language, but also with the wrong sought to be addressed through a contempt finding. The issuance of an order of protection entails substantial legal consequences unrelated to any affront to the court (see e.g. Matter of Veronica P. v Radcliff A., 24 NY3d 668 [2015]).[3]

Finally, before 2013, while the Judiciary Law would have allowed the Family Court to do so, section 846-a did not authorize any sanctions for violations of temporary orders of protection. It is beyond dispute, then, that before the 2013 amendment, Family Court could not have entered an order of

---

[3] The majority's argument that, were Family Court unable to issue an order of protection as a sanction even when no family offense has been proved, a defendant might wind up in criminal court, is a bugaboo. Since 1994, the legislature has made it evident that very serious domestic violence offenses should be prosecuted in criminal court. To this end, the legislature has reserved certain grave offenses for criminal court's jurisdiction by excluding them from the definition of family offense. Here, petitioner's allegations of family offenses fell within the concurrent jurisdiction of the two courts, and Lisa T. elected to proceed to Family Court, seeking an order of protection in connection with the family offense petition. Where the Family Court found upon a dispositional hearing that no family offense occurred in the matter, it is inconceivable that the statutory limitation on the ability to issue a final order of protection under these circumstances would prompt the Family Court to transfer the contempt violation to criminal court.

protection as a sanction for the violation of a temporary order. When, in 2013, the legislature amended section 846-a to include the words, "or temporary order of protection," it did so to ensure that a violation of a temporary order of protection would allow the court to "revoke [a] license [to carry a firearm] and . . . arrange for the immediate surrender" of any firearms held in possession by the party that violated the temporary order of protection (Family Court Act § 846-a; see Letter from Counsel to the Governor, Bill Jacket, L 2013, ch 1 at 5-6).  There is no suggestion whatsoever in the legislative history that the amendment was enacted to permit Family Court to do what it did here: enter an order of protection as if King E.T. had been adjudged guilty of a family offense, when he was not.  Family Court has sufficient tools to address contempt; the legislature did not, by amending section 846-a, enhance those; and we should not do so here by eliding statutory language and conflating injury to litigants with injury to the authority of the courts.

For the above reasons, I dissent.

* * * * * * * * * * * * * * * * *

Order affirmed, without costs, and certified question answered in the affirmative.  Opinion by Judge Stein.  Judges Rivera, Fahey, Garcia and Feinman concur.  Judge Wilson dissents in an opinion, in which Chief Judge DiFiore concurs.

Decided December 19, 2017