Sherman v Zampella (2023 NY Slip Op 01491)

Sherman v Zampella

2023 NY Slip Op 01491

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Shulman, JJ. 

Index No. 655176/21 Appeal No. 17558 Case No. 2022-02524 

[*1]Adam Sherman, Individually and Derivatively on Behalf of Cottonwood Vending LLC, Plaintiff-Respondent,
v
Aniello Zampella et al., Defendants-Appellants.

Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for appellants.
Sadis & Goldberg LLP, New York (Douglas R. Hirsch of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about May 13, 2022, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1), (a)(3), and (a)(7), except as against Aniello Zampella personally, unanimously affirmed, with costs.
Plaintiff pleaded facts sufficient to raise triable issues that he owned a stake in defendant Cottonwood Vending LLC and that the Operating Agreement's membership requirements were waived, giving Sherman standing to proceed with his derivative claims. Taking the complaint's allegations as true, Sherman agreed to work as chief technology officer at Cottonwood solely on the condition that he receive a percentage ownership interest in Cottonwood, to which Cottonwood agreed. Once in that position, Sherman performed substantial work for Cottonwood. Among other things, he secured a critical BitLicense from New York State and developed software for use in Cottonwood's kiosks that saved Cottonwood significant licensing fees. In addition, the WhatsApp messages and defendant Aniello Zampella's emails to counsel indicate that well into Sherman's employment, both Zampella and Sherman believed that Sherman owned approximately a 10% stake in Cottonwood. These facts suggest that Sherman prejudicially changed his position in reliance on his reasonable belief in his ownership stake (BWA Corp. v Alltrans Exp U.S.A., 112 AD2d 850, 853 [1st Dept 1985]) and suggests a course of conduct that waived any noncompliance with the Operating Agreement's membership terms (see McGuire v McGuire, 197 AD3d 897, 900-901 [4th Dept 2021]; Howard v Pooler, 184 AD3d 1160, 1163-1164 [4th Dept 2020]).
Defendants' arguments seeking dismissal of Sherman's unjust enrichment claims brought individually are raised for the first time in their reply papers, and will not be considered (Simon v FrancInvest, S.A., 192 AD3d 565, 569 [1st Dept 2021]).
Finally, although the doctrine of law of the case applies to the motion court's findings of fact, the doctrine applies only to the extent that those findings address the sufficiency of the pleadings and may not be used to limit discovery or to establish facts on summary judgment or at trial (Friedman v Connecticut Gen. Life Ins. Co. (30 AD3d 349 [1st Dept 2006], affd as mod 9 NY3d 105 [2007]; see also Korff v Corbett, 155 AD3d 405, 410 [1st Dept 2017]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023