People v Davis (2023 NY Slip Op 05475)

People v Davis

2023 NY Slip Op 05475

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kern, J.P., Friedman, Kennedy, Pitt-Burke, JJ. 

Ind. No. 8310/96 Appeal No. 937 Case No. 2022-02742 

[*1]The People of the State of New York, Respondent,
v
James Davis, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (David Crow of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Order, Supreme Court, New York County (Juan M. Merchan, J.), entered on or about June 1, 2022, which denied defendant's CPL 440.46 motion for resentencing, unanimously affirmed.
The court properly determined that substantial justice dictated the denial of defendant's resentencing application, as defendant's commission of a drug-related homicide, as well as his attempt to avoid the consequences of his actions, militate against resentencing (see People v Rodriguez, 83 AD3d 419, 420 [1st Dept 2011], lv denied 17 NY3d 800 [2011]). Defendant's criminal history included not only the drug-related homicide but also a subsequent escape from incarceration while awaiting sentence; a narcotics sale to an undercover officer while still a fugitive; and numerous disciplinary infractions while he was incarcerated (see People v Golo, 26 NY3d 358, 362 [2015]; People v Arroyo, 99 AD3d 515, 515 [1st Dept 2012], lv denied 20 NY3d 1059 [2013]). The court considered the mitigating factors proffered by defendant, but properly concluded that the relief sought was incompatible with the ends of substantial justice (see Rodriguez, 83 AD3d at 420).
Defendant failed to preserve his claim that the court erred in deciding his motion on the papers without providing him an opportunity to be present and heard (see People v Alaouie, 86 AD3d 462 [1st Dept 2011], lv denied 18 NY3d 856 [2011]), and we decline to consider it in the interest of justice. As an alternative holding, we reject the claim on the merits. Defendant had the opportunity to present ample evidence to the court, and there was no dispute regarding the facts that led the court to deny resentencing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023