People v Talluto (2022 NY Slip Op 00575)





People v Talluto


2022 NY Slip Op 00575


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, WINSLOW, AND BANNISTER, JJ.


978 KA 21-00550

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL TALLUTO, DEFENDANT-APPELLANT. 






KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.


 Appeal from an order of the Oswego County Court (Donald E. Todd, J.), dated December 11, 2020. The order determined that defendant is a level one risk pursuant to the Sex Offender Registration Act and designated him a sexually violent offender. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: In this proceeding under the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant appeals from an order that, inter alia, designated him a "sexually violent offender" pursuant to Correction Law § 168-k (2). We reject defendant's challenge to that designation.
A " '[s]exually violent offender' means a sex offender who has been convicted of a sexually violent offense" (Correction Law § 168-a [7] [b]). A " '[s]exually violent offense,' " among other things, is "a conviction of an offense in any other jurisdiction which includes all of the essential elements of any [New York] felony [enumerated in section 168-a (3) (a)] or conviction of a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred"
(§ 168-a [3] [b] [emphasis added]). It is undisputed that defendant was convicted of a felony in Michigan "for which [he] is required to register as a sex offender in [that] jurisdiction" (id.). Defendant's Michigan conviction thus constitutes a " '[s]exually violent
offense' " as defined by the second of the two disjunctive clauses that comprise section 168-a (3) (b). It follows that defendant was properly designated a sexually violent offender, even though he would not qualify as such had he committed the same conduct in New York (see § 168-a [3] [a]; [7] [b]).
This result, we acknowledge, is illogical and unfair. As the dissent explains, the second disjunctive clause of Correction Law
§ 168-a (3) (b) makes the first disjunctive clause largely—but not entirely—superfluous, and it treats many out-of-state convictions more harshly than identical in-state convictions. Indeed, the dissent makes a compelling case that the second disjunctive clause of section 168-a (3) (b) is simply a legislative drafting error.
But our hands are tied. "[A]ll statutes must have a construction according to the language employed, and where no ambiguity exists courts cannot correct supposed defects" (Benton v Wickwire, 54 NY 226, 228-229 [1873]; see Schoenefeld v State of New York, 25 NY3d 22, 26 [2015]; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 548-549 [1983]). The language of Correction Law § 168-a (3) (b) is plain and unambiguous, and we " 'may not resort to rules of construction' " to defeat such a legislative pronouncement (Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 107 [1997]). Indeed, " 'no rule of construction gives the court[s] discretion to declare the intent of [a] law when the words are unequivocal' " (id.). If "the wording of the statute has created an 'unintended consequence,' . . . it is the prerogative of the legislature, not [the courts], to correct it" (Matter of Lisa T. v King E.T., 30 NY3d 548, 556 [*2][2017]). Parenthetically, we note that defendant does not attack the constitutionality of section 168-a (3) (b) as written.
Defendant's remaining contention is without merit.
All concur except Carni, J.P., and Lindley, J., who dissent and vote to modify in accordance with the following memorandum: We respectfully dissent. Although the People did not submit a brief on appeal, they conceded below, in our view correctly, that defendant should not be designated a sexually violent offender because the felony he committed in Michigan would not be a sexually violent offense if committed in New York. Over the objection of both defendant and the People, County Court determined that such designation is mandated by Correction Law § 168-a (3) (b), notwithstanding that the Board of Examiners of Sex Offenders did not consider defendant to be a sexually violent offender and there was no evidence at the Sex Offender Registration Act (SORA) hearing that his out-of-state sexual offense involved violence or the use of force. Although the majority finds this result to be illogical and unfair, it concludes, not unreasonably, that our hands are tied by the literal terms of the statute and we must therefore affirm. We come to a different conclusion.
The majority accurately lays out the relevant statutory scheme. A sexually violent offender is defined as a sex offender "who has been convicted of a sexually violent offense" (Correction Law § 168-a [7] [b]). In New York, a sexually violent offense is a conviction for a crime enumerated in Correction Law § 168-a (3) (a). For out-of-state convictions, section 168-a (3) (b) defines a sexually violent offense as a conviction for an offense that "includes all the essential elements of any such felony provided for in paragraph (a)," or a "conviction of a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred."
Stated otherwise, for out-of-state convictions a sexually violent offense is an offense that matches the essential elements of a sexually violent offense in New York, or any felony for which the defendant had to register as a sex offender in the other state. The second part of the definition in Correction Law § 168-a (3) (b) renders the first part largely meaningless because, for practical purposes, every out-of-state offense that meets the essential elements test will be an out-of-state felony for which registration is required in the other state.
Moreover, as defendant points out, the definition of a " '[s]exually violent offense' " in section 168-a (3) (b) as a felony in any other jurisdiction for which the offender must register as a sex offender is, word for word, the same definition of a mere " '[s]ex offense' " for out-of-state convictions set forth in section 168-a (2) (d) (ii), thereby collapsing the distinction between violent and non-violent sex offenses as they apply to out-of-state offenders who reside in New York.
It has been noted that the latter definition of a sexually violent offense in Correction Law § 168-a (3) (b) may be the result of a legislative drafting error. In the 2020 Report of the Advisory Committee on Criminal Law and Procedure to the Chief Judge of the State of New York, the Advisory Committee concluded that the second definition "was presumably included in error" and offered a plausible explanation for how the mistake was made. The Advisory Committee therefore recommended that the legislature amend the statute by deleting the "errant phrase" in order to clarify that an out-of-state felony is a sexually violent offense if, and only if, it includes the essential elements of a sexually violent offense in New York. Although a bill was introduced in the Assembly to amend the statute accordingly, it has not been enacted into law.
With respect to the case at hand, there is no dispute that the felony for which defendant was convicted in Michigan does not include "all of the essential elements" of an offense enumerated in section 168-a (3) (a). Thus, if defendant had committed that felony in New York, he would not qualify as a sexually violent offender. Nevertheless, because defendant was required to register as a sex offender in Michigan based on his felony conviction in that state, he meets the second definition of a sexually violent offender under section 168-a (3) (b), even though, as the People conceded at the SORA hearing, there is no evidence that defendant used force or violence during the commission of his felony. The question presented is whether, in light of the clear and unambiguous language of section 168-a (3) (b), we are powerless to correct what the majority agrees is an illogical and unfair result.
"In interpreting the statute we are guided by a well-settled principle of statutory construction: courts normally accord statutes their plain meaning, but 'will not blindly apply the words of a statute to arrive at an unreasonable or absurd result' " (People v Santi, 3 NY3d 234, 242 [2004], quoting Williams v Williams, 23 NY2d 592, 599 [1969]). Thus, while courts are "governed by the principle that we must interpret a statute so as to avoid an unreasonable or absurd application of the law" (People v Garson, 6 NY3d 604, 614 [2006] [internal quotation marks omitted]), courts should also strive to give " 'effect and meaning' " to every part of a statute (Matter of New York State Superfund Coalition, Inc. v New York State Dept. of Envtl. Conservation, 18 NY3d 289, 296 [2011]; see McKinney's Cons Laws of NY, Book 1, Statutes § 98).
Here, we conclude that a literal application of the words contained in Correction Law § 168-a (3) (b) would not only fail to give meaning to the essential elements test set forth in the statute, but it would also lead to an unreasonable if not absurd result, i.e., the designation of defendant as a sexually violent offender when he did not use violence or threats of violence during the course and commission of the underlying felony and when the out-of-state crime he committed would not be a sexually violent offense if committed in New York. As a result of the designation, defendant must register for life as a sex offender even though he was found to be only a level one risk at the SORA hearing. In our view, the sexually violent offender designation should be reserved for those offenders who are truly violent and hence more dangerous than nonviolent offenders.
We would therefore modify the order by vacating the sexually violent offender designation, and otherwise affirm.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court